IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN RONALD JEFFREY,<br>    Petitioner, | § <br> § <br> § | |
| V. | § <br> § | A-08-CA-292-LY |
| NATHANIEL QUARTERMAN,<br>Director, Texas Dept. of Criminal Justice-<br>Correctional Institutions<br>Division,<br>    Respondent. | § <br> § <br> § <br> § <br> § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's memorandum in support thereof (Document 2). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Petitioner, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court for Travis County, Texas. Petitioner was convicted of

capital murder and sentenced to life in prison. His conviction was affirmed on April 18, 2002. Jeffrey v. State, No. 03-01-00202-CR, 2002 WL 570715 (Tex. App. – Austin 2002). No petition for discretionary review was filed. Petitioner indicates he filed a state application for habeas corpus relief, which was denied without written order on February 1, 2006. Ex parte Jeffrey, Appl. No. 63,526-01.

**B.**     **Petitioner's Grounds for Relief**

Petitioner argues he received ineffective assistance of counsel on appeal. According to Petitioner, his attorney failed to notify him that his conviction had been affirmed. Petitioner asserts he learned from the Texas Court of Criminal Appeals on May 24, 2003, that his conviction had been affirmed. Petitioner is attempting to obtain leave to file an out-of-time petition for discretionary review.

## II.   DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on May 18, 2002, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Therefore, Petitioner had until May 18, 2003, to timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until March 27, 2008, long after the limitations period had expired.

Even if the Court were to start the limitations period on the date Petitioner's state application was denied on February 1, 2006, his federal application would still be time-barred. Petitioner waited more than two years after his state application was denied before he executed his federal application. Petitioner simply has not used diligence in pursuing his habeas claims.

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on May 18, 2002, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Therefore, Petitioner had until May 18, 2003, to timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until March 27, 2008, long after the limitations period had expired.

Even if the Court were to start the limitations period on the date Petitioner's state application was denied on February 1, 2006, his federal application would still be time-barred. Petitioner waited more than two years after his state application was denied before he executed his federal application. Petitioner simply has not used diligence in pursuing his habeas claims.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of April, 2008.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE